AO 72A
(Rev. 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

DAGOBERTO SUAREZ,

    Petitioner,

vs.

CIVIL ACTION NO.: CV513-081

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Dagoberto Suarez ("Suarez"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent[1] filed a Motion to Dismiss. Suarez filed a Motion for Extension of Time to file a Response to this Motion, which the undersigned granted by Order dated November 21, 2013. (Doc. No. 14). Suarez was to file his desired Response on or before December 20, 2013, and he failed to do so. For the reasons which follow, Respondent's Motion should be **GRANTED**. Suarez filed an "Appeal for Rehearing En Banc" pursuant to Federal Rule of Appellate Procedure 35. This appeal should be **DISMISSED** as premature.

---

[1] Suarez names the United States of America as the Respondent. However, the only properly named respondent in a section 2241 petition is the immediate custodian of the petitioner. 28 U.S.C. § 2243; see also Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).

## STATEMENT OF THE CASE

Suarez pleaded guilty in the United States District Court for the Middle District of Florida to: possession of five (5) kilograms or more of cocaine with intent to distribute while onboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1)&(a) and 21 U.S.C. § 960(b)(1)(B)(ii); and conspiring to do so, in violation of the same statutes and 46 U.S.C. § 70506(b). Suarez was sentenced to 135 months' imprisonment. (Doc. No. 8, p. 2). Suarez did not file a direct appeal.

Suarez then filed a motion to vacate ostensibly pursuant to 28 U.S.C. § 2254, which was construed as a 28 U.S.C. § 2255 motion; Suarez was advised of this recharacterization. (Doc. No. 8-4, p. 5 n.1). The district court also determined that, even if Suarez's motion were not time-barred, he was not entitled to his requested relief. (Id. at pp. 3–5). The district court stated that Suarez's reliance on United States v. Bellaizac-Hurtado, 700 F.3d 1245 (11th Cir. 2012), was misplaced because nothing of record demonstrated that Suarez was in a country's territorial waters when his vessel was seized. (Id. at p. 4).

In this petition, Suarez claims, as he did in his previously-filed § 2255 motion, that Congress lacks constitutional authority to reach drug crimes in foreign waters. (Doc. No. 1, p. 4). Suarez cites Bellaizac-Hurtado in support of his petition. Respondent asserts that Suarez does not meet the savings clause of § 2255, and his petition should be dismissed.

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C.

2

§ 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). A prisoner must receive permission from the appropriate court of appeals before he can file a second or successive § 2255 motion when the prisoner has filed a § 2255 motion on a previous occasion. 28 U.S.C. §§ 2244(b)(3) & 2255(h). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Suarez's action is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Suarez provides no reason why the remedy afforded under § 2255 is inadequate to address the issues raised in this petition.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court

3

decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244; Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013) (for a sentencing claim to proceed pursuant to § 2241, "the claim must be based upon a retroactively applicable Supreme Court decision" and "the Supreme Court decision must have overturned a circuit precedent that squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.").

Suarez has not shown that his claims are based on a retroactively applicable Supreme Court decision which establishes that he was convicted of a non-existent offense. Nor has Suarez shown that his claims were foreclosed on a previous occasion. In other words, Suarez has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Simply because Suarez's contentions were not sustained on a previous occasion does not render § 2255 inadequate or ineffective to permit Suarez to proceed pursuant to section 2241. Because Suarez has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Suarez's reliance on Bellaizac-Hurtado is misplaced. In that case, the Eleventh Circuit declared that the Maritime Drug Law Enforcement Act, 46 U.S.C. § 70503, is unconstitutional to the extent that it proscribes drug trafficking offenses within the

AO 72A
(Rev. 8/82)

territorial waters of another nation (Panama). 700 F.3d at 1258. As noted above, there is no evidence that the vessel on which Suarez was interdicted was "in a country's territorial waters when his vessel was seized." (Doc. No. 8-4, p. 4) (internal citation omitted). Bellaizac-Hurtado is inapplicable to Suarez and does not provide him with a means for his requested relief.

Suarez cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Suarez is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Suarez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 27th day of January, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)